UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RABIH NUR,

    Petitioner,

v.                                        CASE NO: 8:08-CV-212-T-30TGW

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus under 28 U.S.C. §2254. (Dkt. 1). The Court has considered the petition, Respondents' response (Dkt. 15) and Petitioner's reply. (Dkt.18). Upon review, the Court determines that the petition should be dismissed because Petitioner's claim is procedurally barred.

## BACKGROUND

In 1994, Rabih Nur (hereinafter referred to as "Petitioner" or "Nur"), a.k.a. Roland Samuels, was convicted in New Jersey of aggravated sexual assault in the first degree under New Jersey statute 2C:14-2A. (Dkt 15, Ex. 6 at R. 45). After being released from prison in 2000, Nur moved to Florida. In 2006, a Florida jury convicted him of failure to register as a sexual offender under Florida Statute § 943.0435(9), and Nur was sentenced to 48 months

in prison. (Dkt 15, Ex. 6 at R. 7, 27). Nur directly appealed his conviction and sentence, explicitly raising only one issue: "Did the trial court err in denying appellant's motion for judgment of acquittal?" (Dkt. 15, Ex. 1 at R. 9). However, Nur contends that his appellate brief also "effectually raised [the] issue of *ex post facto* violation numerous times." (Dkt. 18). The Second District Court of Appeal affirmed Nur's conviction and sentence per curiam, without an opinion, issuing its mandate on February 23, 2007. See Nur v. State, 948 So. 2d 765 (Fla. 2d DCA 2007). Nur did not file a post-conviction motion, and under Florida law his right to do so expired on February 22, 2009, two years after the mandate issued, unless he can show one of the factors listed in Florida Rule of Criminal Procedure 3.850(b).

On January 30, 2008, Nur filed this timely habeas petition, asserting the following grounds for relief: (1) Florida statute § 943.0435 violates the Constitution's *ex post facto* clause and the principle of Double Jeopardy; (2) his right to a speedy trial was violated; (3) he had ineffective assistance of counsel at trial; and (4) he had an unfair trial. After Respondent countered that his claims should be dismissed as procedurally barred, Petitioner conceded all claims except his *ex post facto* claim.

**STANDARD OF REVIEW**

28 U.S.C. § 2254 authorizes a federal court to grant a state prisoner habeas relief only if: (1) the prisoner has exhausted the available state court remedies; (2) state remedies are absent; or (3) circumstances exist that render state processes ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b)(1)(A)-(B). A federal court may consider claims that have not been argued in state court if the petitioner can show (1) "cause and prejudice" which

excuse his failure to exhaust the State remedies; or (2) that failure to consider the claims would be a "fundamental miscarriage of justice." See Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). Ineffective assistance of counsel cannot serve as the "cause" excusing non-exhaustion of state remedies unless the ineffectiveness claim was itself presented to the state court. See Edwards v. Carpenter, 529 U.S. 446, 452 (2000). However, a federal court may deny a habeas petition on the merits, even if the petitioner has not exhausted state remedies. 28 U.S.C. § 2254(b)(2).

## **DISCUSSION**

Petitioner's *ex post facto* claim appears to be procedurally barred because he failed to raise the claim in state court. Though Petitioner argues that he substantively (not explicitly) raised the *ex post facto* issue on direct appeal, both sides' appellate briefs mainly discuss whether Petitioner was required to register as a sex offender, focusing on competing interpretations of the evidentiary record and the applicable New Jersey and Florida statutes. (Dkt. 15, Ex. 1 and 2). They do not address whether, if Petitioner was required to register, being forced to do so would violate his constitutional rights. There is therefore no indication that the Florida appellate court considered this issue when affirming Petitioner's conviction, especially since that court affirmed without an opinion. (Dkt. 15, Ex. 3). Furthermore, Petitioner did not file a Motion for Post-Conviction Relief, as allowed under Florida Rule of Criminal Procedure 3.850. Though he is now time-barred from doing so, his failure to file the motion still means he did not fully exhaust his available state remedies. See Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008) (noting a habeas claim is procedurally barred if it has

not been addressed in state court and would now be barred under state procedural rules). Petitioner has failed to show cause that would excuse his failure to raise his *ex post facto* claim in state court, only arguing that he did raise the claim in some fashion.

Even if Petitioner's *ex post facto* claim had been exhausted in state court, it would still fail on the merits. See 28 U.S.C. § 2254(b)(2). The Constitution's *ex post facto* clause forbids retroactive punishment and applies only to penal statutes. See Smith v. Doe, 538 U.S. 84, 91 (2003); Kansas v. Hendricks, 521 U.S. 346, 370 (1997); U.S. Const. Art. 1, § 9. Florida Statute § 943.0435(9) requires those convicted of certain sexual offenses, under Florida law or another state's law, to provide personal information to Florida law enforcement authorities, including social security number, home address, place of employment and identifying physical features. Fla. Stat. § 943.0435(2)(b). Failure to provide the information or keep it up to date is punishable as a third degree felony. Fla. Stat. § 943.0435(9)(a).

In Smith v. Doe, the Supreme Court held that a sex offender registration act from Alaska did not violate the *ex post facto* clause, determining that: (1) the Alaska legislature had intended the Act as a civil, non-punitive regulation aimed at protecting the public rather than punishing former sex offenders; and (2) the plaintiffs had not proved that the Act's effects transformed it into a criminal penalty, despite the legislature's intent to create a civil regulation. See Smith, 538 U.S. at 105-6. The court upheld the criminal penalties imposed on sex offenders for failing to register because "any prosecution [for failing to register] is a proceeding separate from the individual's original offense." Id. at 100; see also United States

v. Ambert, 561 F.3d 1202, 1207-08 (11th Cir. 2009) (holding federal Sex Offender Registration and Notification Act does not violate *ex post facto* clause because punishment was for violation of a new registration duty, not retroactive punishment for underlying offense). Furthermore, the Eleventh Circuit has stated that Florida's statute, which is similar to Alaska's statute, does not violate the *ex post facto* clause, citing Smith v. Doe. Houston v. Williams, 547 F.3d 1357, 1364 (11th Cir. 2008) (denying convicted sex offenders services under the Energy Conservation and Protection Act does not violate the *ex post facto* clause). Controlling law of the Supreme Court and the Eleventh Circuit therefore indicates that Petitioner's claim would be denied.

## CONCLUSION

Petitioner's habeas petition will be dismissed because he failed to raise his *ex post facto* claim in state court and consequently is procedurally barred from raising the claim in a federal habeas petition.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED.
2. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on May 29, 2009.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2008\08-cv-212.deny 2254.wpd